IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-135-PLR-HBG |
| | ) | |
| ANTHONY TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties case came before the Court for a motion hearing on Defendant's Motion to Continue Trial and Extend Other Deadlines [Doc. 8], filed on September 25, 2019. Assistant United States Attorney Jennifer Kolman participated on behalf of the Government. Attorney Randall Reagan represented Defendant Taylor, who was not present.

Defendant moves the Court to continue the November 12, 2019 trial date and the schedule in this case to give counsel more time to review the provided discovery and file motions. Additionally, Defendant notes that defense counsel is scheduled to begin a lengthy criminal trial before District Judge Varlan on October 21, and this trial may extend into the new year.

At the motion hearing, Mr. Reagan confirmed that Defendant Taylor is waiving his speedy trial rights with respect to his motion. AUSA Kolman stated that the Government did not oppose the requested continuance of the trial and schedule. The parties agreed on a new trial date of March 10, 2020.

The Court finds Defendant's motion to continue the trial to be unopposed and well-taken. It also finds that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that continuing the trial for four months is necessary in this case in order to give counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, the Court observes that counsel for Defendant Taylor is presently scheduled to begin a months-long criminal trial on October 21, 2019. The Court finds that without a continuance in this case, the Defendant would be deprived of the continuity of counsel, due to Mr. Reagan's representation of another client in a federal criminal trial. *See* 18 U.S.C. § 3161(h)(7)(iv). Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's Motion to Continue Trial [**Doc. 8**] is **GRANTED**, and the trial of this matter is reset to **March 10, 2020**. The Court finds that all the time between the filing of Defendant's motion on September 25, 2019, and the new trial date of March 10, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the Court set a new motion deadline of **January 17, 2020**. Responses to motions are due on or before **January 31, 2020**. If any motions requiring a hearing are filed, the Court will set a motion hearing at that time. The undersigned will hold a final pretrial conference on **February 25, 2020, at 1:30 p.m**. This date will also be the new deadline for concluding plea negotiations, providing reciprocal discovery, and filing motions *in limine*. Special requests for jury instructions shall be submitted to the District

Judge no later than **February 28, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant's Motion to Continue Trial [**Doc. 8**] is **GRANTED**;

(2) The trial of this case is reset to commence on **March 10, 2020, at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3) All time between the filing of Defendant's motion on **September 25, 2019**, and the new trial date of **March 10, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **January 17, 2020**;

(5) Responses to motions are due on or before **January 31, 2020**;

(6) The deadline for filing plea agreements in the record, providing reciprocal discovery, and filing motions *in limine* is **February 25, 2020**;

(7) The Court will hold a final pretrial conference on **February 25, 2020, at 1:30 p.m.**; and

(8) Special requests for jury instructions shall be submitted to the District Judge no later than **February 28, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge